UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **BARRY SHEDD,**<br><br>    Petitioner,<br><br>V.<br><br>**WARDEN DAVID PAUL,**<br><br>    Respondent. | **CIVIL ACTION NO. 5:24-CV-302-KKC**<br><br><br>**OPINION AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Federal inmate Barry Shedd filed a *pro se* petition for a writ of habeas corpus pursuant to 21 U.S.C. § 2241, challenging the Federal Bureau of Prisons' ("BOP") calculation of his sentence. (DE 1). Warden Gilley filed a timely response to Shedd's petition. (DE 9). Although the deadline for doing so has passed, Shedd did not file a reply in further support of his petition. Thus, the matter is ripe for review. Because Shedd has not identified any error in the BOP's sentencing calculations, the Court will deny his petition.

The Warden has provided the following summary of Shedd's relevant sentences, which Shedd does not dispute: Shedd was arrested by Floyd County, Georgia authorities on August 17, 2017, for various drug charges and a parole violation. (Floyd County Case No. 17WR02901). Shedd did not post bond and he remained in continuous custody following that arrest. On September 19, 2017, his parole was revoked in Floyd County Case Number 04-CR-27162 and Hall County Case Number 2012-CR-389B. The period from August 17, 2017 through September 19, 2017 was used as a sentence adjustment on the parole revocation sentence.

Shedd was indicted for a federal drug offense on October 10, 2017. *See United States v. Shedd*, 4:17-cr-00035-WMR-WEJ (N.D. Ga. Oct. 10, 2017). He was taken into temporary federal custody via a writ of habeas corpus *ad prosequendum* on November 2, 2017. Shedd ultimately pled guilty to possession with the intent to distribute at least 50 grams of methamphetamine and was sentenced to 240 months of imprisonment on July 12, 2018. *Id.* at DE 25. The federal district court judgment specified that Shedd's sentence was to

> begin as of the date the defendant came into federal custody which was November 2, 2017 and with the Court's sentence to run concurrently with the defendant's state custody sentence which commenced on August 17, 2017, and with this Court's sentence to run concurrent with the sentence imposed in Floyd Superior Court, Case Number 04-CR-27146 and with the sentence imposed as a result of the parole violation from the original sentence imposed in Hall Superior Court, Case Number 2012-CR-389B.

*Id.*

On July 16, 2018, Shedd was returned from temporary federal custody to the primary custody of state authorities. He completed the sentence for Case Numbers 04-CR-27162/2012-CR-389B on January 8, 2020, and was released to a United States Marshals Service detainer to begin serving his federal sentence.

In his § 2241 petition, Shedd seeks credit for the "11 months of in-custody credit that was ordered by the sentencing court." (DE 1 at 8). Presumably, he is referring to the period from August 17, 2017 (Floyd County, Georgia arrest) to July 12, 2018 (federal sentencing).

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is governed by federal statute:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

2

> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>    (1) as a result of the offense for which the sentence was imposed; or
>
>    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>    that has not been credited against another sentence.

18 U.S.C. § 3585.  To properly compute a federal sentence, two determinations must be made: (1) the date on which the sentence commenced, and (2) the extent to which a defendant may receive credit for time spent in custody prior to the date on which the sentence commenced.  *See id.*

The BOP did not err in concluding that Shedd's federal sentence commenced on July 12, 2018—the same day it was imposed.  The district court lacked authority to determine that Shedd's sentence commenced on an earlier date, as this is an administrative decision vested by statute exclusively with the BOP.  *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Wells*, 473 F.3d 640, 645 (6th 2007) (observing that "it falls to BOP, not the district judge, to determine when a sentence is deemed to 'commence'").

Shedd's arguments concerning custody credit also fail.  Georgia acquired primary custody over Shedd when it arrested him on August 17, 2017.  *See United States v. Collier*, 31 F. App'x 161, 162 (6th Cir. 2002); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) (observing that "primary jurisdiction over a person is generally determined by which [sovereign] first obtains custody of, or arrests, the person").  Shedd was transferred to federal authorities on a writ of habeas corpus *ad prosequendum* and was effectively on loan to the United States Marshals Service from Georgia authorities, who retained primary jurisdiction over him.  *See United States v. White*, 874 F.3d 490, 507 (6th Cir. 2017).  Moreover, Shedd received credit against his state sentence for the period of August 17, 2017 through July 12, 2018.  *See* DE 9-1 (Declaration of Brad Morrissette).

Because he was in the primary custody of Georgia during that period and received credit against his Georgia sentence, 18 U.S.C. § 3585(b) prohibits the same credit being applied to his federal sentence.

The court's statements at sentencing do not change this outcome. A federal trial court cannot cause a sentence to commence prior to its imposition, direct a particular calculation of custody credit, or direct that a defendant's federal sentence be served concurrently with a state sentence that has already been served. *See United States v. Meeks*, No. 6:17-CR-70-CHB-6, 2023 WL 5111950, at *7 (E.D. Ky. Aug. 9, 2023) (observing that "an order of concurrency causes the federal sentence to run in parallel with the *undischarged* portion of the state sentence") (citing *Belcher v. Cauley,* No. 08-132, 2009 WL 464932, at *2 (E.D. Ky. Feb. 24, 2009). What the court can do is *reduce* the defendant's federal sentence to account for any already-served portion of the state sentence that will not be credited as prior custody by the BOP. *See* U.S.S.G. § 5G1.3(b). However, the federal court did not do so in Shedd's case.

Based on the foregoing, the Court ORDERS as follows:

1) Shedd's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DE 1) is DENIED.

2) A corresponding Judgment will be entered.

This the 9th day of April, 2025.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY